IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | CV 523-087 |
| GEORGIA WEIGHT LOSS & AESTHETICS, LLC, | * | |
| Defendant. | * | |

**O R D E R**

Before the Court is the Parties' joint motion for entry of proposed consent preliminary injunction. (Doc. 9.) For the following reasons, the Parties' consent motion is **GRANTED**.

The Parties having met and conferred regarding the intent of Plaintiff Eli Lilly and Company ("Lilly" or "Plaintiff") to file a motion for preliminary injunction herein; and

The Parties, by and through their undersigned counsel, having agreed to entry of this Consent Preliminary Injunction Order; and

The Parties having agreed that the consent of Lilly and of Defendant Georgia Weight Loss & Aesthetics, LLC ("Georgia Weight Loss" or "Defendant") to the entry of this Consent Preliminary Injunction Order shall be without prejudice to any of the claims asserted by Lilly in the Complaint herein or any permanent or other relief to which Lilly may be entitled, and without prejudice to any

defenses that Defendant may have to the claims asserted in Lilly's Complaint; and

The Parties having agreed to entry of this Consent Preliminary Injunction Order by the Court based on the Parties' agreement to its entry, and without any admission or acknowledgement of the truth of the allegations of Lilly's Complaint or the truth of any defenses that may be asserted by Defendant, and without any findings or conclusions regarding the claims asserted by Lilly in its Complaint or regarding Lilly's likelihood of success on its claims against Defendant other than those set forth herein; and

Defendant having agreed, for purposes of this Order, to waive the entry of findings of fact and conclusions of law in accordance with Rule 52(a)(2) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Solely for purposes of this Consent Preliminary Injunction Order and with the consent of Defendant, the Court finds:

(a) This court has jurisdiction over the claims asserted by Lilly and over the parties for purposes of this action, and venue is proper in this Court.

(b) Use of Lilly's registered trademark MOUNJARO® in connection with compounded drugs purporting to contain tirzepatide or in connection with the advertising, marketing, sale, or promotion of such drugs is likely to cause confusion and infringe Lilly's trademark rights.

(c) Statements to the effect that compounded drugs purporting to contain tirzepatide are Lilly products, are associated with Lilly, have been approved by the U.S. Food and Drug Administration ("FDA") and/or have been proven to achieve certain therapeutic results or effects are likely to be false and violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

(d) Such use and statements are likely to cause irreparable injury to Lilly.

(e) The balance of hardships and the public interest weigh in favor of the entry of injunctive relief with respect to such use and statements.

2. Defendant Georgia Weight Loss & Aesthetics, LLC, its officers, agents, servants, employees, and attorneys, their respective affiliates, principals, owners, representatives, successors, and related companies, and all those in active concert or participation with them, are hereby, during the pendency of this action:

(a) **PRELIMINARILY ENJOINED** from using Lilly's registered trademark MOUNJARO® ("the Mark"), any reproduction, counterfeit, copy, colorable imitation or variation of the Mark, or any mark confusingly similar to the Mark, in any manner, including but not limited to (i) use of the Mark in any manner that is likely to cause confusion, to cause mistake or to deceive or otherwise infringe Lilly's rights in the Mark in any way, and (ii) use of the Mark in connection with the advertising, marketing, sale or promotion of

any compounded drugs purporting to contain tirzepatide that have not been approved by the FDA; and

(b) **PRELIMINARILY ENJOINED** from advertising or stating that any unapproved compounded drugs purporting to contain tirzepatide that either are available, directly or indirectly, from or through Defendant or the use of which is facilitated by Defendant:

(1) are genuine or authentic Lilly MOUNJARO® drugs;

(2) are sponsored by or associated with Lilly;

(3) are approved by the FDA; have been reviewed by the FDA for safety, effectiveness, or quality; or have been demonstrated to the FDA to be safe or effective for their intended use;

(4) have been proven to achieve certain therapeutic results or effects, including but not limited to relying on or making reference to clinical trial results for Lilly's products;

(5) are associated or connected in any way with Lilly or Lilly's products; or

(6) contain any ingredient (including but not limited to tirzepatide) that is supplied by Lilly, is approved by the FDA, or is the same as any ingredient in any Lilly product.

3. **IT IS FURTHER ORDERED** that Defendant shall conspicuously and prominently disclose, in all advertising, marketing and promotional

4

materials for any compounded drugs purporting to contain tirzepatide, that: (a) the compounded drugs are compounded drug products that have not been approved by the FDA; have not been reviewed by the FDA for safety, effectiveness, or quality; and have not been demonstrated to FDA to be safe or effective for their intended use; (b) the processes by which the compounded drugs are manufactured have not been reviewed by the FDA; and (c) FDA-approved products containing tirzepatide are available.

**IT IS FURTHER ORDERED THAT** Lilly is not required to post a bond in any amount in connection with this Consent Preliminary Injunction Order.

**ORDER ENTERED** at Augusta, Georgia, this 30th day of October, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA